UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:12-cr-156-jgm-01 |
| | : | |
| MICHEL LEFEBVRE, also | : | |
| known as Derrick Edward Finbow, | : | |
| Defendant. | : | |
| | : | |

RULING ON MOTION TO DISMISS
(Doc. 18)

I.     Introduction

Defendant Michel Lefebvre, moves to dismiss the indictment (Doc. 13) alleging he illegally reentered the United States after removal in violation of 8 U.S.C. § 1326(a). (Doc. 18.) Lefebvre contends the indictment rests on an unlawful removal because it was based on the erroneous conclusion that he was an aggravated felon. (Doc. 18 at 1, 8.) The government responds the indictment properly charges Lefebvre with illegal reentry because the removal was based on a controlled substance conviction, not an aggravated felony. (Doc. 21 at 3.) Lefebvre did not file a reply. For the reasons stated below, the motion to dismiss the indictment is denied.

II.    Background

Lefebvre, also known as Derrick Edward Finbow, was arrested on November 21, 2012, by Richford Border Patrol Agents after crossing the Vermont border from Canada. (Doc. 18-1 at 3.) Lefebvre stated he is a Canadian citizen who came to the United States to see his daughter. Id. He was charged in a criminal complaint with illegal reentry in violation of 8 U.S.C. § 1326(a). (Doc. 1.) On December 20, 2012, he was indicted by a grand jury for the same offense. (Doc. 13.)

Lefebvre has a Canadian and United States criminal record. (Doc. 18-1 at 3.) For purposes of the present motion, of importance is an October 28, 1999 Order of the Immigration Judge determining Lefebvre, under the alias Derrick Edward Finbow, was "subject to removal on the

charge(s) in the Notice to Appear" based on his admissions. (Doc. 18-3.) The Notice to Appear stated Lefebvre was deportable because he was not a United States citizen, is a Canadian citizen, and, while in the United States as a nonimmigrant visitor, was convicted in Texas state court of possession of marijuana. (Doc. 18-2 at 1.) It charged Lefebvre was subject to removal under Sections 237(a)(2)(B)(i) (removability based on a controlled substance conviction) and 237(a)(2)(a)(iii) (removability based on an aggravated felony conviction) of the Immigration and Nationality Act. Id. The Record of Action noted the aggravated felony charge was withdrawn prior to the October 28 hearing, the Defendant wanted voluntary departure, the INS opposed, and the immigration judge denied the request. (Doc. 21-1.) The Warrant of Removability/Deportation, issued November 3, 1999, stated Defendant was subject to removal based upon a final order of an immigration judge ("IJ") under section 237(a)(2)(B)(i), the controlled substance conviction provision. (Doc. 18-4 at 1.) On December 8, 1999, he was removed to Canada. (Doc. 18-4 at 2.)

III.     Discussion

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment need only track the language of the statute charged and state the time and place of the alleged crime. United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002) (citation omitted). An indictment is sufficient if it contains the elements and fairly informs the defendant of the offense charged and enables the defendant to plead double jeopardy in future prosecutions for the same offense. United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). On a motion to dismiss, "the indictment must be tested by its sufficiency to charge an offense." United States v. Sampson, 371 U.S. 75, 78-79 (1962). Lefebvre has not challenged the facial validity of the indictment, nor does it appear he has grounds to do so, as the indictment states the elements of the charged offense. Compare Doc. 13 with 8 U.S.C. § 1326(a).

Under 8 U.S.C. § 1326(d), a defendant charged with a § 1326(a) violation may collaterally attack the validity of the deportation order. To succeed, he must demonstrate: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

Lefebvre asserts he suffered an invalid deportation because it was based on the erroneous conclusion that he was an aggravated felon which deprived him of the option of voluntary departure and, based on that error, argues he meets all the § 1326(d) requirements. (Doc. 18 at 8-15.) The government contends Lefebvre was removed because his marijuana conviction was a controlled substance offense, not because he was an aggravated felon, so there was no error. (Doc. 21 at 3.)

Lefebvre contends a "removal proceeding is fundamentally unfair if there is a 'reasonable probability' that 'but for' the IJ's error a respondent alien would have been granted relief. (Doc. 18 at 13-14 (citation omitted).) He argues because he was "erroneously deported as an aggravated felon[] he clearly suffered prejudice." Id. at 14 (citation omitted). The Warrant of Removal/ Deportation, submitted by Defendant, clearly demonstrates, he was deported "pursuant to . . . Section 237(a)(2)(B)(i)," allowing deportation based on a controlled substance conviction.[1] (Doc. 18-4 at 1.) The government also submitted a "Record of Action" which states Lefebvre wanted voluntary departure but the INS opposed and the IJ denied the request. (Doc. 21-1.) The determination of voluntary departure is within the IJ's discretion. See Carcamo v. U.S. Dep't of Justice, 498 F.3d 94, 97 (2d Cir. 2007). Because Lefebvre was not deported as an aggravated felon

---

[1] Section 237(a)(2)(B)(i) excludes "a single offense involving possession for one's own use of thirty grams or less of marijuana." Defendant does not argue the IJ erred in applying this provision to him and the Court notes 30 grams is equivalent to approximately one ounce. Defendant's marijuana conviction was for possession of more than two ounces. (Doc. 18-5 at 11-18.)

3

and was not denied voluntary departure on that basis, there is no indication the IJ made an error such that Lefebvre would otherwise have been granted relief.  Accordingly, the Court does not find the entry of the removal order was fundamentally unfair.  The Court need not consider the remaining requirements of 8 U.S.C. § 1326(d).

The motion to dismiss is denied because the indictment sufficiently charges Lefebvre with the offense of illegal reentry in violation of 8 U.S.C. § 1326(a) and he does not meet the requirements of 8 U.S.C. § 1326(d) to collaterally attack the underlying removal order.

IV.     Conclusion

For the above reasons, Defendant's motion to dismiss the indictment (Doc. 18) is DENIED.  This case will be placed on the next trial calendar.  A pretrial confernce or change of plea hearing will be held on Monday, June 3, 2013, at 11:00 a.m. in Brattleboro, Vermont.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of May, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge